UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LARRY D ROYSTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>C R BARD INCORPORATED and )<br>BARD PERIPHERAL VASCULAR )<br>INCORPORATED, )<br>)<br>Defendants. | 2:21-CV-00051-DCLC |

**MEMORANDUM OPINION AND ORDER**

Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Defendants") have filed a motion to dismiss this action for failure to prosecute pursuant to Federal Rules of Civil Procedure 36(a) and 41(b). For the reasons stated herein, the motion is **GRANTED**.

When Plaintiff's prior counsel could not communicate with Plaintiff, he mailed on January 28, 2022, Plaintiff a letter notifying him that failure to cooperate or respond to communications would result in counsel's withdrawal [Doc. 29, pgs. 2-3]. On March 28, 2022, Plaintiff's counsel submitted a status report stating that he had mailed two copies of his motion to withdraw to Plaintiff which were delivered on March 7, 2022, but that the letters were returned as no authorized recipient was available to sign for them [Doc. 29]. Thereafter, the Court permitted Plaintiff's counsel to withdraw from further representation and advised Plaintiff by Court Order that he was representing himself in this action [Doc. 30]. Since that time, Plaintiff has not appeared or communicated with Defendants or the Court on this matter. Further, Defendants have filed Requests for Admission to which Plaintiff has not responded. Defendants have since moved to dismiss this action for failure to prosecute given Plaintiff's refusal to cooperate in discovery.

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." *See* Fed. R. Civ. P. 41(b). When entertaining a Rule 41(b) motion to dismiss for failure to prosecute, Tennessee courts consider the following four factors: "(1) whether the party's failure is due to the willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Mullin v. Butler*, 452 F. Supp. 3d 794, 798 (M.D. Tenn. 2020) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362 (6th Cir. 1999)). "[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort.'" *Mullin*, 452 F. Supp. 3d at 799 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.2d 731, 737 (6th Cir. 2008)). Further, "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Id*. "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *El v. Metro Nashville Police Dep't*, No. 3:19-CV-01091, 2021 WL 2316773, at *2 (M.D. Tenn. June 7, 2021) (internal quotation marks omitted). "When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented." *Id*. (internal citation omitted). When a plaintiff fails to prosecute his claims in this manner, his involuntary dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Here, Defendants have been prejudiced by Plaintiff's failure to appear and prosecute this matter because they have expended time and resources attempting to communicate with Plaintiff, yet despite these efforts have been unable to move forward with discovery or to develop their

defense due to Plaintiff's continued silence and unavailability. Plaintiff has been warned, through communications from his attorney and this Court, that failure to prosecute this matter could lead to dismissal of the case. Finally, less drastic sanctions are not appropriate given that Plaintiff has remained wholly absent from this litigation for months. The factors weigh heavily in favor of dismissal.

Further, Defendants show that on April 4, 2022, counsel for Defendants served Requests for Admission on Plaintiff [Doc. 33-1]. The Requests for Admission included the following statements: "Admit that you have not suffered any bodily injuries as a result of the implantation of the Bard Inferior Vena Cava Filter" and "Admit that you have no damages that are in any way related to the implantation of the Bard Inferior Vena Cava Filter." [Doc. 33-1, ¶¶ 1, 5]. Plaintiff did not respond to these Requests for Admission. Under Rule 36 of the Federal Rules of Civil Procedure, "a matter is admitted unless, within 30 days after being served, the party to whom [Requests for Admission are] directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or [his] attorney." Fed. R. Civ. P. 36(a)(3). By not responding to Defendants' Requests for Admissions, Plaintiff has effectively admitted that he has no claim against Defendants.

For the reasons stated above, Defendants' motion to dismiss for failure to prosecute [Doc. 31] is **GRANTED**. Because Plaintiff has effectively admitted he has no cause of action against Defendants, Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A separate judgment will enter.

SO ORDERED:

s/Clifton L. Corker
United States District Judge